## Krall *v.* Pennsylvania R. R., Appellant.

*Negligence—Railroads—Death of section hand—Case for jury—Federal Act.*

In an action, under the Federal Employer's Liability Act, against a railroad company for death of a section hand, killed by a train, the case is for the jury where the negligence charged is that deceased was killed on a curve of the railroad, and the evidence is conflicting as to whether the engineer of the train that struck him did or did not sound the whistle at a whistling post a short distance away, where it was usually sounded and where under the rules of the company the whistle should have been blown.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 113, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1924, No. 641, on verdict for plaintiff, in case of Maria Krall, administratrix of estate of Lucas Krall, deceased, v. Pennsylvania Railroad Co. Affirmed.

Trespass under Federal Employer's Liability Act for death of section hand on railroad. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*Rody P. Marshall,* with him *Meredith R. Marshall,* for appellee.

PER CURIAM, November 22, 1926:

This is an appeal by defendant railroad company from the refusal of the court below to enter judgment n. o. v.

Plaintiff, as administratrix, sued under the Federal Employers' Liability Act to recover for the death of her husband, Lucas Krall, who was killed by one of the trains of defendant, while he was in the latter's employ as a section hand. Krall was struck and killed on a curve of the railroad, and the only negligence charged against defendant was the failure of the engineer of the train to sound the whistle at a whistling post a short distance away. There was a rule of the railroad that the whistle should be blown at that point; this was usually done, and members of the section gang were accustomed to hear it. The testimony was conflicting as to whether the whistle was blown on the present occasion; but defendant contends that, even if it was not, plaintiff cannot recover, because there was no duty owed by defendant to Krall, its employee, to blow a whistle at this point, and because he had voluntarily assumed the risk of such an accident by entering upon the work for which he was engaged. It further contends that deceased was plainly guilty of "causal" negligence.

The questions raised by appellant were submitted to the jury on sufficient evidence; defendant was entitled to no more: see Dutrey v. P. & R. Ry. Co., 265 Pa. 215.

The judgment is affirmed.